IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAD C. BEST, | ) | 1:09mc00015 DLB |
| | ) | |
| | ) | |
| | ) | ORDER TO SHOW CAUSE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

     On March 6, 2009, Petitioner Tad C. Best, proceeding in pro se, filed a petition to quash a third party summons issued by the Internal Revenue Service to IndyMac Bank Home Loan Servicing.

     Pursuant to 26 U.S.C. § 7609(b)(2)(B), a party filing a petition to quash a third party summons "shall mail by registered or certified mail a copy of the petition" to the person summoned and to the IRS Agent specified in the summons within 20 days of filing the petition with the Court. This requirement is jurisdictional. <u>Ponsford v. United States</u>, 771 F.2d 1305 (9th Cir. 1985); <u>Strong v. United States</u>, 57 F.Supp.2d 908, 916 (N.D.Cal.1999). The requirements of Federal Rule of Civil Procedure 4(i) apply to service on the United States.

     Petitioner has not filed a proof of service and there is no other indication in the record that Petitioner has provided the proper notice. Accordingly, Petitioner is ORDERED TO SHOW

1

CAUSE, if any he has, why the action should not be dismissed for failure to comply with the manner of service and time requirements of 26 U.S.C. § 7609(b)(2)(B).  Plaintiff is ORDERED to file a written response to this Order to Show Cause within twenty (20) days of the date of this Order.  A proof of service demonstrating compliance with 26 U.S.C. § 7609(b)(2)(B) shall be deemed a response to this Order.

    Failure to respond to this Order to Show Cause will result in dismissal of this action for lack of subject matter jurisdiction.

    IT IS SO ORDERED.

**Dated:** **September 4, 2009**                **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE