IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAD C. BEST, | ) | 1:09mc00015 DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING ACTION |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On March 6, 2009, Petitioner Tad C. Best, proceeding in pro se, filed a petition to quash a third party summons issued by the Internal Revenue Service to IndyMac Bank Home Loan Servicing.

On September 4, 2009, the Court issued an Order to Show Cause why the action should not be dismissed for lack of subject matter jurisdiction. The Court explained that Petitioner had not filed a proof of service or otherwise indicated that he had provided proper notice. The Court ordered Petitioner to file a written response or, alternatively, to file a proof of service, within 20 days of the date of service of the order. Over 20 days have passed and Petitioner has not complied with the order or otherwise contacted the Court.

1

## DISCUSSION

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending, without prosecution, since March 6, 2009. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's September 4, 2009, order to show cause expressly stated, "Failure to respond to this Order to Show Cause will result in dismissal of this action for lack of subject matter jurisdiction."

    Accordingly, based on (1) this Court's lack of subject matter jurisdiction; (2) Petitioner's failure to respond to the Order to Show Cause; and (3) Petitioner's failure to prosecute, the Court ORDERS that this action be DISMISSED.

    This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   October 9, 2009**                              **/s/ Dennis L. Beck**
                                                                                       UNITED STATES MAGISTRATE JUDGE